IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CLEAR SPRING LIFE AND ANNUITY COMPANY**<br><br>Plaintiff,<br><br>vs.<br><br>**ANNETTE SCHULTE,**<br>**NICOLE FIKE,** as Administrator of the Estate of Dennis Roush (deceased),<br>**RACHEL SHURTZ**<br><br>Defendants. | Case No.: |

## COMPLAINT FOR INTERPLEADER

COMES NOW Plaintiff, Clear Spring Life and Annuity Company, and for its Complaint for Interpleader alleges as follows:

## PARTIES AND JURISDICTION

1. Clear Spring Life and Annuity Company, formerly known as Guggenheim Life and Annuity Company, (hereinafter "Company"), brings this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

2. The Company is incorporated pursuant to the laws of Delaware and it maintains its principal place of business in Indiana. It is authorized to conduct business within the State of Kansas.

3. Defendant Annette Schulte ("Schulte"), is a citizen of Kansas and resides within this district.

4. Defendant Nicole Fike, ("Fike"), is a citizen of Kansas and resides within this district and she has petitioned a Kansas state court to appoint her as the administrator of the estate of Dennis Roush, ("Roush").

5. Defendant Rachel Shurtz, ("Shurtz"), is a citizen of Kansas and resides within this district.

6. Upon information and belief, Roush, prior to his death in May 2023, was a citizen of Kansas and resided within this district. Further, upon information and belief, Roush died as a citizen of the State of Kansas within the State of Kansas.

7. Complete diversity of citizenship exists between the Company on one hand and Defendants on the other.

8. The controversy involves more than $75,000 exclusive of interest and costs.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332.

10. Venue is proper in this district because the claim arose in this district and all defendants reside within this district.

## OPERATIVE FACTS

11. Roush was married to Linda Roush, but upon information received belief, Roush and Linda Roush were divorced prior to December 27, 2019.

12. On or about December 27, 2019, Roush and Schulte submitted to the Company an Application for a Fixed Indexed Annuity as joint owners and joint annuitants.

13. On or about January 13, 2020, Roush and Schulte signed in Bonner Springs, Kansas, an Application for a Fixed Indexed Annuity to be issued by the Company (hereinafter "Application"). A true and accurate redacted copy of the Application is attached hereto as Exhibit A.

14. Submitted with the Application was a check signed by Roush (hereinafter "Check"). The Check was issued on a joint bank account maintained in the name of Roush and Schulte.

15. The Application stated that the Primary Beneficiary of the Annuity would be "Surviving Spouse" who was to receive 100% of the Annuity proceeds upon the first death of the Annuity's owners. The Application further stated that the Contingent Beneficiary would be Shurtz who was identified as "Daughter." The Contingent Beneficiary was to receive 100% of the Annuity proceeds in the event that the proceeds could not be paid to the Primary Beneficiary.

16. The Company issued the Annuity on January 22, 2020. A true and accurate redacted copy of the Annuity contract is attached hereto as Exhibit B.

17. The Owners of the Annuity were identified on the Annuity as Dennis Roush and Annette Schulte.

18. The Annuity contract identified the Annuitant as Roush and the Joint Annuitant as Schulte.

19. The Annuity shows that the "Issue State" is Kansas and the Annuity was delivered to Roush and Schulte in Kansas.

20. On or about January 3, 2023, Fike in her then capacity as Co-Guardian of Roush, contacted the Company and expressed concerns regarding Schulte's actions related to the Annuity.

21. On or about January 4, 2023, Fike, through her attorney, provided to the Company, Letters of Guardianship and Conservatorship entered by the Miami County District Court of Kansas on December 7, 2021. A true and accurate copy of the Letters of Guardianship and Conservatorship is attached hereto as Exhibit C. This document was not provided to the Company prior to January 4, 2023.

22. Beginning January 4, 2023, the Company restricted further transactional activity regarding the Annuity.

23. Roush died May 16, 2023.

24. Roush's Death Certificate states that his Marital Status at time of his death as "DIVORCED." A true and accurate copy of the redacted Death Certificate is attached hereto as Exhibit D.

25. Under the terms of the Annuity, the death of the first owner causes a death benefit to become payable to the designated primary beneficiary (hereinafter "Death Benefit"). This Death Benefit is in the approximate amount of Two Hundred Seventy Thousand Dollars ($270,000).

26. On or about July 6, 2023, Schulte submitted a claim for the Death Benefit (hereinafter "Schulte Death Benefit Claim"). A true and redacted copy of the Schulte Death Benefit Claim is attached hereto as Exhibit E.

27. On the Schulte Death Benefit Claim, Schulte identified her relationship to Roush as "domestic partner."

28. In an email dated July 19, 2023 counsel for Fike, objected to the payment of the Death Benefit to either the primary beneficiary or the contingent beneficiary. A true and accurate copy of the this July 19, 2023 email is attached hereto as Exhibit F.

29. On July 31, 2023, Fike filed in the District Court of Miami County, Kansas, a Petition for Issuance of Letters of Administration. In her Petition, Fike alleges, *inter alia*, that Roush died intestate, but that the Death Benefit under the

Annuity is the personal property of the Estate.  A true and redacted copy of the Petition is attached hereto as Exhibit G.

30. The Company does not know and cannot determine to whom the Death Benefit should be paid.

31. The Company has not brought this Complaint in Interpleader at the request of any or all of the Defendants; there is no fraud or collusion between the Company and any or all of the Defendants; and the Company brings this Complaint of its own free will to avoid being vexed and harassed by conflicting and multiple claims.

32. Until this Court rules on the proper recipient or recipients of the Annuity Death Benefit, the Company cannot without risking exposure to multiple liability, make any payment under the Annuity.

33. The Company is a disinterested stakeholder.  The Company acknowledges that it is bound by the terms and conditions of the Annuity and is ready, willing and able to pay out all amounts due under the Annuity once the proper beneficiary is identified.

34. The Company has no adequate remedy at law.

35. The Company is entitled to recover its attorneys' fees and costs.

WHEREFORE, Clear Spring Life and Annuity Company demands judgment as follows:

A. That the Court adjudge who is the proper recipient of the Annuity Death Benefit,

B. That the Court order that Clear Spring Life and Annuity Company hold and preserve the Annuity and Death Benefit and that no Death Benefit be paid out of the Annuity or interest transferred out of the Annuity until a final, non appealable judgment is entered determining the identity of the proper recipient of the Annuity Death Benefit;

C. That the Court award to Clear Spring Life and Annuity Company its attorneys' fees and costs in bringing this action, such amounts to be taken from the Annuity's death benefit proceeds;

D. That the Court forever bar and enjoin each of the Defendants from filing or pursuing any claim in any way related to or arising from the Annuity, or any benefit flowing therefrom, including the Death Benefit, against Clear Spring Life and Annuity Company, or any of its predecessors or affiliates;

F. That the Court grant Clear Spring Life and Annuity Company such other and further relief as is proper.

**THOMPSON COBURN LLP**

By: **/s/ Richard J. Pautler, Esq**
Richard J. Pautler, 77907
One US Bank Plaza – 28th Floor
St. Louis, MO 63101
(314) 552-6470
(314) 552-7470 (fax)
rpautler@thompsoncoburn.com

Attorneys for Plaintiff

- 8 -

## DESIGNATION OF PLACE OF TRIAL

    Plaintiff, pursuant to Local Rule 40.2 hereby request that the trial of this matter be held in Kansas City, Kansas.

                                       ***/s/ Richard J. Pautler, Esq***
                                       Richard J. Pautler, 77907